STARK COUNTY BAR ASSOCIATION *v.* MILLER.

[Cite as Stark Cty. Bar Assn. *v.* Miller (1990), 53 Ohio St. 3d 603.]

(No. 89-394—Submitted and decided August 10, 1990.)

This cause came on for further consideration upon respondent Wilford R. Miller's filing of an application for reinstatement.

The court coming now to consider its order of July 26, 1989, suspending respondent, Wilford R. Miller, from the practice of law for a period of one year pursuant to Gov. Bar R. V(7)(c), finds that respondent has substantially complied with that order and with the provisions of Gov. Bar R. V(24).

Therefore, IT IS ORDERED by the court that Wilford R. Miller be, and hereby is, reinstated to the practice of law in the state of Ohio.

IT IS FURTHER ORDERED that respondent comply with the registration requirements of Gov. Bar R. VI.

(For earlier case, see [1989], 44 Ohio St. 3d 134, 541 N.E. 2d 607.)

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

CLEVELAND BAR ASSOCIATION *v.* GUEST.

[Cite as Cleveland Bar Assn. *v.* Guest (1990), 53 Ohio St. 3d 603.]

(No. D.D. 88-4—Submitted and decided August 21, 1990.)

This cause came on for further consideration upon the filing of satisfactory evidence that respondent, James W. Guest, Jr., has made restitution to the Clients' Security Fund of Ohio in the amount of $2,500, as required by this court's order dated June 7, 1990. See 52 Ohio St. 3d 601, 555 N.E. 2d 930. On consideration thereof, IT IS ORDERED by the court that respondent, James W. Guest, Jr., be, and hereby is, reinstated to the practice of law in the state of Ohio.

IT IS FURTHER ORDERED that respondent comply with the registration requirements of Gov. Bar R. VI.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.